**JOHNSON et al. v. BINGHAM.**
(No. 564–4018.)

(Commission of Appeals of Texas, Section A.
Nov. 19, 1924.)

**Trespass to try title ⊂══44—Whether joint possessors were liable jointly to plaintiff for rents held for jury.**

Where evidence showed division of land for cultivation purposes, court cannot hold as matter of law that defendants, in withholding possession of land, were acting in concert so as to create joint liability for rents.

Error to Court of Civil Appeals of First Supreme Judicial District.

On motion for rehearing. Motion granted in part, and judgment affirmed, but cause remanded as to question of joint liability.

For former opinion, see 265 S. W. 130.

Warren & Conn, of Houston, and Lewis H. Follett, of Angleton, for plaintiffs in error.

Cole & Cole, of Houston, A. R. Rucks, of Angleton, and Elliott Cage, of Houston, for defendant in error.

GERMAN, P. J. We have concluded we were in error in one particular in our original opinion. We then held that there was no error in rendering joint judgment against all defendants for rents. The trial court instructed a verdict for plaintiff in this respect, leaving it to the jury to determine the amount of rentals due. There is in the record certain testimony which tends to show that there was a division of the land between the defendants for the purposes of use and cultivation, although there may have been no formal partition between them. We do not think the trial court was authorized to hold as a matter of law that the defendants, in committing the trespass and withholding possession of the land, were acting jointly and in concert so as to make them jointly and severally liable; and the evidence is not sufficient for this court to hold as a matter of law that the defendants are not so liable. We think the evidence raised the issue of fact, and the jury should have been allowed to determine whether or not the defendants were each liable for the sum total of rentals.

As suggested in our original opinion, although some of the questions considered by the Court of Civil Appeals were not raised in the Supreme Court by proper assignments of error in the petition for writ of error, yet we did consider each of these questions, and reached the conclusion that the judgment of the Court of Civil Appeals was correct.

We recommend that the motion for rehearing be granted in part, and that the cause be remanded solely for the purpose of ascertaining whether defendant Warren is liable for only one-half of the value of rentals found to be due, and the other defendants liable for one-half, or whether all of the defendants are jointly and severally liable for all rentals, and that the judgment of the district court and Court of Civil Appeals be in all other things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals on the motion for rehearing is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.